[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
The plaintiff in this action was a tenant in the defendant's building located at 91 Rossette Street in New Haven. The apartments in the building are for persons who are age 62 or older, or handicapped, or disabled.
On January 29, 1999, the plaintiff alleges that she was assaulted by one Susanne Robinson, another tenant in the building, and that the assault took place in a common area of the building.
The plaintiff has brought this action against the defendant alleging that the assault and her resulting injuries were caused by the negligence of the defendant in failing to keep the common area of the premises where she was attacked, reasonably safe. The plaintiff specifically alleges that they did so by allowing Miss Robinson to remain on the premises, CT Page 4479 with access to the common area, knowing that she presented a danger to others including the plaintiff.
The defendant has moved for summary judgment on the grounds that the defendant cannot be held liable to the plaintiff because the defendant as a landlord owes no duty to protect the plaintiff from the criminal conduct of its tenant.
In making its argument, the defendant relies to a large intent on two Superior Court decisions: Spencer v. Nesto, 2000 WL 739675 (Conn.Super. 2000), and Murphy v. Eddinger, 1999 WL (Conn.Super. 1999). This court agrees with the basic holdings in those cases to the effect that, without more, a landlord is not liable for the negligent or intentional conduct of a tenant.
However, the plaintiff in the case is not basing her claim on a theory of vacarious liability between a landlord and a tenant but rather on a theory on premises liability. The plaintiff claims that failure on the part of the defendant to regulate the conduct of others on the premises rendered the common areas thereof, unsafe.
The defendant in this case owed a duty to the plaintiff, with respect to common areas of the premises to use reasonable care to keep such portions of the premises in reasonably safe condition. Pollack v.Glampel, 163 Conn. 462, 468 (1972).
Here the plaintiff claims that the defendant failed to use reasonable care to safeguard her from the intentional conduct of others, including Miss Robinson. This claim necessarily means that the risk of harm from the intentional acts of others must he foreseeable in order for a duty on the part of the defendant to arise.
This court agrees with the plaintiff that the defendant had a duty to use reasonable care to keep the common areas of its premises reasonably safe from the intentional or criminal acts of others, including other tenants. Whether that duty was breached however, is a factual issue which is inappropriate for resolution on a motion for summary judgment.
The deposition of the plaintiff indicates that there would be evidence of criminal activity in a common area, that an unauthorized person had been living in the laundry room and that Miss Robinson herself would act in a bizarre manner, which conduct was reported to a representative of the defendant.
Given the testimony of the plaintiff, she should have her day in court to try to establish that the defendant failed to exercise reasonable care CT Page 4480 to keep the common area where she claims to have been injured in a reasonably safe condition.
The defendant's motion for summary judgment is therefore denied.
 ___________________ Thompson, J